GARRISON, Judge.
The defendant, Leroy Paul, was arrested on December 18, 1981 for possession of pen-tazocine (Talwin), a violation of R.S. 40:967. He was tried and convicted by a jury on June 23, 1982. On July 1, 1982 the state filed a multiple bill under R.S. 15:529.1 *415 based on an October 1980 conviction of the defendant for possession of pentazocine. On September 17, 1982 the trial judge sentenced the defendant to five years at hard labor with credit for time served, without good time. Defendant appeals his conviction.
The only issue raised by defendant is whether there exist errors patent on the face of the record. However, the recent case of State v. Raymo, 419 So.2d 858 (La.1982), requires review of a record for sufficiency of evidence under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and State v. Fuller, 414 So.2d 306 (La.1982), notwithstanding the fact that defendant neither moved for a directed verdict nor a new trial, nor filed formal assignments of error. Accordingly, we have so reviewed the record.
The facts of the case are as follows: On December 18, 1981, Officer Bryan Wininger and his partner, Officer Warren Keller, stopped their unmarked car for a traffic light at the intersection of Orleans and Claiborne Avenues in New Orleans. While waiting for the light to change, they observed the defendant standing by himself near the corner. When the defendant saw the officers he did a doubletake and began walking quickly in the direction of a nearby barroom. As he walked, Officer Wininger testified he observed the defendant drop a small foil packet to the ground. The officers got out of their vehicle and Keller apprehended the defendant while Wininger retrieved the foil packet from the sidewalk. Inspection of the packet revealed that it consisted of three smaller packets containing a substance the officers believed to be Talwin. The defendant was then placed under arrest.
The contents of the packets retrieved by Officer Wininger were analyzed by Edgar Dunn, a forensic chemist with the New Orleans Police Department and an expert in the identification of controlled dangerous substances. Dunn testified that he tested three orange tablets and three blue tablets, that the orange tablets were pentazocine, and that the blue tablets were pyribenza-mine, which is not a controlled substance.
The defendant called a witness, Andrew Diggs, who testified that he had been conversing with the defendant at the corner of Orleans and Claiborne on the night in question when the two officers approached and separated him and the defendant. Diggs also testified that he did not see the defendant drop any foil packets, nor notice any movement of the defendant’s hands. He stated he did see the officer holding the defendant pass three packets to the other officer. At the time of trial Diggs was incarcerated on a shoplifting conviction, and admitted to previous convictions for burglary, auto theft and the federal crime of “interstate shipment.”
On rebuttal, Officers Keller and Wining-er both testified that Andrew Diggs was not with the defendant Leroy Paul from the time they first observed Paul to the time of the arrest.
The standard of review for sufficiency of evidence under Jackson v. Virginia, supra, is whether a rational trier of fact, accepting the facts in the light most favorable to the prosecution, could have found the defendant guilty of possession of pentazocine beyond a reasonable doubt. State v. Washington, 421 So.2d 887 (La.1982). Under the facts as stated above, we believe that standard has been met. Officer Win-inger saw the defendant “throw down” the pentazocine, and he and Officer Keller apprehended the defendant. The only defense witness denied seeing the defendant move his hands after the two of them were stopped by the police, but did see the officer holding the defendant pass three packets to the other officer. On rebuttal, the officers stated that they had not arrested nor even seen the witness on the night in question. The jury obviously believed the officers’ story rather than the story of the defense witness, who had been convicted at least four times.
We further find no errors-patent on the face of the record. Therefore, the convic *416 tion and sentence of the defendant Leroy Paul are affirmed.
AFFIRMED.